THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDMUND JORDAN, Plaintiff in Error.

*Opinion filed February 16, 1910—Rehearing denied April 7, 1910.*

1. CRIMINAL LAW—*defendants may be alleged to be principals in one count and principals and accessories in another.* Where an indictment is against several persons, they may all be alleged to be principals in one count and some may be alleged to be principals and the others accessories in another count.

2. SAME—*principal and accessory may be joined in one count and tried together.* The principal and the accessory after the fact may be indicted and tried together, but when so joined the allegations against the principal and the accessory should be included in one count, having but one conclusion. (*Reynolds* v. *People,* 83 Ill. 479, explained.)

3. SAME—*effect of statute providing different penalty for accessory after the fact.* The statute providing a punishment for an accessory after the fact different from the punishment of the principal does not affect the rule that the principal and accessory after the fact may be joined in the same count of the indictment and tried together.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.

LOUIS GREENBERG, and JOHN F. TYRRELL, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAYMAN, State's Attorney, and JUNE C. SMITH, (F. L. BARNETT, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error, Edmund Jordan, was found guilty of murder, in the criminal court of Cook county, March 1, 1895, and sentenced for life to the penitentiary, where he has since been and now is. The indictment was in four counts. The first two counts charged plaintiff in error and Annie Mahoney with the murder of one Alfred D. Barnes, and charged John B. Jersey, Thomas Donahue and Edward Barbee as accessories, after the fact, to such murder. The third and fourth counts named plaintiff in error alone as principal, and included Annie Mahoney, with the others, as an accessory. The case was dismissed against Donahue and Barbee. The jury found Annie Mahoney guilty as accessory after the fact, and Jersey not guilty.

The first count, after setting up at some length the crime, continued: "The said Edmund Jordan and said Annie Mahoney, him, the said Alfred D. Barnes, then and there, in manner and form and by the means aforesaid, unlawfully, willfully, feloniously and of their malice aforethought did kill and murder; and the jurors aforesaid, upon their oaths aforesaid, do say that afterwards * * * one John B. Jersey and one Thomas Donahue and one Edward Barbee, or either of them, * * * unlawfully, feloniously, maliciously and knowingly did then and there conceal the said crime from the magistrates of said county of Cook, contrary to the statute and against the peace and

dignity of the same People of the State of Illinois." The three other counts, so far as the questions here involved are concerned, are drawn in substantially the same form.

The plaintiff in error contends that this indictment consisted of eight counts, of which two were against Jordan and Mahoney as principals, two against Jersey, Donahue and Barbee as accessories, two against Jordan, alone, as principal, and two against Mahoney, Jersey, Donahue and Barbee·as accessories, and that the indictment must be held erroneous on two grounds: First, because the law does not permit distinct offenses against separate defendants to be tried together; and secondly, because each of the counts fails to comply with section 33 of article 6 of the constitution, requiring the prosecution to be carried on in the name of the People and each count to conclude, "against the peace and dignity of the same." In other words, the plaintiff in error contends that each part of the indictment which was intended by the pleader to be a count in reality consists of two counts, the first part of each alleged count being a count against the principal or principals and the last part of each alleged count being a count against the accessories, and that none of the counts in which he is named as principal contain a proper conclusion.

The authorities all agree that at common law the principal and accessory could be, and generally were, joined in the same indictment and tried together,—and this applied as well to accessories after as to accessories before the fact. "If A be indicted as principal and B as accessory, they may be both arraigned together and plead together and put upon their trial by the same jury, and the jury shall be charged to inquire first of the principal, and if they find him not guilty then to acquit the accessory, but if they find him guilty then to inquire of the accessory." (1 Hale's Pleas of the Crown,—Stokes & Ingersoll's ed.—624.) "The accessory may be indicted in the same indictment with the principal, and that is the best

and most usual way; but he may be indicted in another indictment, but then such indictment must contain the certainty and kind of the principal felony." (1 id. 623.) "Formerly an accessory after the fact could only be tried with the principal or after the principal was convicted; * * * but by statute * * * he may be indicted and convicted either as an accessory, after the fact, to the principal felony, together with the principal felon, or after the conviction of the principal felon, or may be indicted and convicted of a substantive felony." (1 Archbold on Crim. Pr. & Pl.—Waterman's ed.—pp. 80, *18.) In Chitty on Criminal Law (vol. 1, 4th Am. ed.) that author, in discussing the indictment and trial of an accessory and principal, says (p. *272): "It is both usual and proper to include them in the same indictment." In Foster's Crown Law (3d ed. p. 365,) that author says the best course is to join principal and accessory in one indictment and try them together. In Bishop on Criminal Procedure (vol. 1, 3d ed.) it is stated (sec. 467): "At common law principal and accessory, including the accessory after the fact as well as before, may be and commonly are" joined in one indictment.

In an indictment under the common law against an accessory after the fact the charge consists of two parts: First, of the felonious situation of the principal; and secondly, of the guilty knowledge and conduct of the accessory. It is an invariable rule that the guilt of the principal must be averred. "This may be done in different ways, according as the principal and accessory are indicted together or as the accessory is separately indicted. * * * In the first case the indictment first charges the principal with the commission of the felony, and then avers that the said C D, well knowing the said A B to have done and committed the said felony in manner and form aforesaid, afterwards, to-wit, etc., at, etc., did feloniously receive, comfort, harbor and maintain the said A B." (Starkie on Crim. Pl.—1st Am. ed.—p. 185.) In Wharton on Crimi-

nal Pleading and Practice (8th ed.) it is said (sec. 304) :
"Principals in the first and second degree and accessories
before and after the fact may all be joined in the same in-
dictment and they may be convicted of different degrees,
or the principals may be indicted first and the accessories
after conviction of the principals, and their relation may
be transposed in alternate counts." The authorities also
hold that where there is an indictment against several per-
sons, they may all be charged as principals in one count
and in another count one or more may be charged as prin-
cipals and the others as accessories. (1 Ency. of L. & P.
p. 270, and cases cited; *State* v. *Rand,* 33 N. H. 216.)
At common law, accessories "must be convicted of a fel-
ony of the same species as the principal." (1 Chitty on
Crim. Law,—4th Am. ed.—*272; 4 Blackstone's Com.
*39.) The tendency of modern statutes, however, is to
consider the offense of an accessory after the fact as a
minor and separate offense and to provide a lighter pun-
ishment than for the principal offense. (1 Russell on
Crimes,—9th ed.—66; 1 Ency. of L. & P. p. 278, and
cases cited.) Our own statute has provided a penalty for
an accessory after the fact different from that for the prin-
cipal. (Hurd's Stat. 1908, par. 276, p. 772.) But these
statutory changes as to punishment have not in any manner
affected the rule that the principal and accessory after the
fact can be joined in the same indictment and tried together.

The authorities also unite in holding that if a princi-
pal and accessory are joined in the same indictment they
should be joined in the same count. Bishop on Criminal
Procedure, (vol. 2, 3d ed.) in considering this question,
says (p. 5) : Where "the accessory, whether before or
after the fact, is indicted with the principal, the whole al-
legation constitutes only one count, with one conclusion,—
not two." Again, the same author says (3d ed. vol. 1,
sec. 467) : "Though the guilt of the accessory is stated
after that of the principal, on which it is dependent, the

whole allegation constitutes but one count, having properly one commencement only, and one conclusion." In *Bulloch* v. *State,* 10 Ga. 47, where there was such an indictment, the court said (p. 62) : "But it is said the several counts in this indictment do not so conclude as against the defendant, Bulloch, and to maintain that position it is assumed that there are twenty-four counts in this indictment instead of twelve. How is the fact? Is the accusation against Bulloch, as the principal offender, contained in a separate count against him, independent of James Quantock and George Thrift as accessories, or are they all accused in each count, the one as having actually committed the offense, the others as being accessories after the fact? Each count in the indictment charges and accuses George J. Bulloch with the offense of larceny  *  *  * and James Quantock and George Thrift as being accessories thereto after the fact, and after stating the offense against both  *  *  * concludes,  *  * · * 'contrary to the laws of said State, the good order, peace and dignity thereof.' This indictment is believed to have been framed by the pleader in strict conformity with the English precedents." All forms of indictments and discussions in the standard authorities, as well as the decisions, agree that when the principal and accessory (whether before or after the fact) are joined in the same indictment they should be joined in the same count.  1 Archbold on Crim. Pr. & Pl. (Waterman's ed.) p. 81; 1 Hale's Pleas of the Crown, (Stokes & Ingersoll's ed.) p. 625, note 5; 2 Chitty on Crim. Law, (4th Am. ed.) p. *5; Burns' Justice of the Peace and Parish Officers, (29th ed.) p. 26; Wharton's Precedents of Indictments, (1871 ed.) 53; 1 Ency. of Laws of Eng. p. 86.

The case of *Reynolds* v. *People,* 83 Ill. 479, to which our attention has been called by plaintiff in error, in no way conflicts with the rules of law laid down in the decisions heretofore cited. It was there held that a person

who was indicted as principal, only, could not be convicted as accessory after the fact. This is in accord with the English precedents. The question here under consideration was not involved in that case.

In addition to the authorities already cited, the following, among others, support the rules of law stated herein: 2 Hawkins' Pleas of the Crown, p. 453; Starkie on Crim. Pl. p. 185; Clark on Crim. Proc. pp. 305, 307; 1 Wharton on Crim. Law, (8th ed.) secs. 241-245; 1 Russell on Crimes, (9th Am. ed.) pp. 66-75; 1 Ency. of Pl. & Pr. p. 69, and cases cited; 1 Ency. of L. & P. 269, 278, and cases cited; *State* v. *Neddo,* 92 Me. 71; *Jones* v. *State,* 58 Ark. 390; *State* v. *Atkinson,* 40 S. C. 363; *State* v. *Hopper,* 71 Mo. 425; 4 Blackstone's Com. (Sharswood's ed.) chap. 3; *United States* v. *Berry,* 96 Fed. Rep. 842; *Commonwealth* v. *Knapp,* 27 Mass. 477; *Tully* v. *Commonwealth,* 74 Ky. 154; *Hawley* v. *Commonwealth,* 75 Va. 847.

The indictment in this case is drawn in strict conformity with the precedents under the common law and in the various States in this country. The authorities are all in accord that the principal and accessory after the fact can be indicted and tried together, and that when so joined the allegation against the principal and accessory should be included in one count, with one conclusion.

Other questions are raised in the briefs, but in view of the conclusions we have already reached they do not require discussion.

The judgment of the criminal court of Cook county will be affirmed.                    *Judgment affirmed.*