(No. 23065.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES D. DUNCAN, Plaintiff in Error.

*Opinion filed May 12, 1936—Rehearing denied June 11, 1936.*

JUSTUS CHANCELLOR, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, WILLIAM J. LANCASTER, and JOHN E. O'HORA, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

A jury in the criminal court of Cook county found Charles D. Duncan, defendant, guilty as an accessory in the violation of the Motor Fuel Tax act. After certain counts were *nolle prossed,* the indictment contained eighteen counts. Fourteen of these were predicated upon sales of gasoline by his principal over a period of fourteen months, the collection of taxes thereon, and the failing and refus-

ing to account therefor to the Department of Finance, the sales of each month constituting a separate offense. The remaining four counts charged the principal with doing business as a distributor, (as defined by the act) without having a distributor's license. Each count contained the necessary allegations connecting Duncan as an accessory before the fact with the allegedly unlawful acts of his principal. By judgment on the verdict the court fined Duncan $2000 on each of the eighteen counts and imposed a sentence of one to five years in the penitentiary on the last four counts, the sentences to run concurrently. This writ of error followed.

The principal was the Blue Rose Oil Company, an Illinois corporation. Duncan was the president and active manager of all the business of the corporation, and virtually controlled its policies. Litigation over the dissolution of this corporation by the People reached this court in *People* v. *Blue Rose Oil Co.* 360 Ill. 397, to which reference is made for the facts forming the general background of this case.

The briefs filed have not been of any appreciable aid to this court in deciding the case. Counsel for Duncan has briefed and argued forty-four points, while the People have cited and argued the law in opposition thereto, all to no avail. Both parties to this writ of error have failed to perceive a glaring defect, apparent upon the face of the common law record, which renders the whole proceeding fatally defective.

The charge against Duncan is based upon the accessory statute of the Criminal Code. (Smith's Stat. 1933, chap. 38, par. 582; Cahill's Stat. 1933, chap. 38, par. 611.) The penalty imposed is taken from the Motor Fuel Tax Law. (Smith's Stat. 1933, chap. 120, par. 431; Cahill's Stat. 1933, chap. 95a, par. 93.) The accessory statute provides that the defendant, "shall be considered as principal, and punished accordingly." The penalty imposed by the Motor

Fuel Tax act for violation thereof by the principal, is a "fine not to exceed $5000 or by imprisonment in the penitentiary for not less than one year nor more than five years or by both such fine and imprisonment." As Duncan is charged with being only an accessory before the perpetration of the acts charged in the indictment, he must have a principal. It is of course the Blue Rose Oil Company, a corporation. While it is the generally recognized rule that a corporation may be proceeded against criminally for the violation of a penal statute, (*Chicago, Wilmington and Vermilion Coal Co.* v. *People,* 214 Ill. 421; *People* v. *City of Chicago,* 256 id. 558; *United States* v. *Union Supply Co.* 215 U. S. 50, 54 L. ed. 87; 14*a* Corpus Juris, sec. 3024, p. 871; 59 A. L. R. p. 372;) yet exceptions must be made to this general rule. There are certain crimes which a corporation, on account of its very nature, cannot commit. Where a penalty prescribed for the violation of a criminal statute calls for imprisonment or death only, a corporation cannot be indicted. Where the statutory penalty is both fine and imprisonment, the corporate offender can be punished by imposing a fine, inasmuch as the two penalties are independent. (*United States* v. *Union Supply Co. supra;* 7 R. C. L. sec. 784.) The theory is that a court shall apply the appropriate penalty in such instances as far as possible, in order that the corporate defendant shall not escape all punishment.

When the People indicted Duncan as an accessory under the provisions of the Criminal Code and sought to apply the penalties of the Motor Fuel Tax act, they acted upon an erroneous theory. Duncan has received a penalty which his principal could not receive. At the common law the punishment meted out to principals, and to their accessories before the fact, was generally the same. (*People* v. *Jordan,* 244 Ill. 386; 16 Corpus Juris, sec. 3217, p. 1365.) Such type of an accessory and his principal were usually joined in the same indictment and tried together. The

accessory before the fact could not be punished more severely than his principal, although it was proper for him to receive as much or less of the particular punishment meted out. This common law rule was in fact enacted into our Criminal Code, when the legislature in the accessory statute, dealing with accessories before the fact, provided that such accessories "shall be considered as principals and punished accordingly." The only cases we can find in this country bearing upon the particular point of the quantum and quality of the punishment to be meted out to principals and accessories before the fact are cases from early Tennessee and Georgia reports. In *Nuthill* v. *State,* 11 Humphr. (Tenn.) 247, the court said, "Upon principle, the prisoner, as accessory, cannot be guilty of a greater offense than his principal; nor be made to suffer a greater punishment for being accessory to that offense." *Anderson* v. *State,* 63 Ga. 675, dealt with a circumstance arising under a Georgia statute which provided that the accessory before the fact, "shall receive the same punishment as would be inflicted on the person convicted of having stolen or feloniously taken the property," etc. There the statute was held not to have been violated when a principal and accessory before the fact received the same terms of imprisonment, but when alternative fines were imposed, the accessory was fined in a greater amount than his principal. The court did not question the statute or the penalty inflicted thereunder.

The penalty provisions of the Motor Fuel Tax act cannot be applied to imprison a natural person who is an accessory before the fact, where his principal is a corporation. To that extent, we hold by this opinion, that the accessory statute, dealing with accessories before the fact, is repugnant to and cannot be harmonized with the penalty section of the Motor Fuel Tax act involved in this case. The fact that Duncan was only fined on the first fourteen counts and sentenced to prison on the last four does not

make any difference, for he stood committed, by the sentence, to the house of correction in Cook county if the fines were not paid by the time he was released from prison. The fines totaled $36,000, which, if not paid according to the condition, were to be satisfied by Duncan's commitment to the house of correction at the rate of $1.50 a day. On this basis he would remain there 24,000 days, over 65 years. Clearly the corporate principal could not be imprisoned to satisfy a fine. In the view we take of this case, we are not required to determine whether this punishment is in violation of the provision of the constitution that punishment shall be proportionate to the offense.

The judgment of the criminal court of Cook county is reversed.

*Judgment reversed.*