(No. 23530.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error,
vs. ELMER E. STRONG *et al.* Defendants in Error.

*Opinion filed June 17, 1936.*

OTTO KERNER, Attorney General, A. H. GREENING, State's Attorney, and A. B. DENNIS, for the People.

A. M. FITZGERALD and W. P. ROBERTS, for defendants in error.

Mr. JUSTICE JONES delivered the opinion of the court:

The circuit court of Sangamon county sustained a motion to quash an indictment and discharged the defendants. A writ of error is prosecuted by the People.

The indictment contains three counts. The second one differs somewhat from the other two, but it is unnecessary at this time to note the difference. The charge is that the defendants were the officers, directors, stockholders and owners of the Greenwood Oil Company, a corporation; that they directed and controlled all the business operations of the company and were engaged in the business of transporting, buying, selling and distributing motor fuel at Chicago under the authority of a distributor's license issued to them in the name of the Greenwood Oil Company; that from May 1, 1932, to October 1, 1932, they sold and distributed under the name of the Greenwood Oil Company large quantities of motor fuel and collected from the purchasers thereof taxes due the State; that after deducting the cost of collection there remained in the possession of the defendants the sum of $3981.86 belonging to the State, which the defendants, in the name of the Greenwood Oil Company, held in trust for the State, to be paid and delivered to the Department of Finance; that said department, on October 1, 1932, made a demand upon the defendants for the payment of said sum and that the defendants refused to make such payment, and that on said date they unlawfully and feloniously embezzled and converted to their own use said sum of money without the consent of the Department of Finance.

The Motor Fuel Tax law of 1929 (State Bar Stat. 1935, chap. 95a, par. 79 *et seq.*) imposes a tax upon the privilege of operating motor vehicles upon the public highways based upon the consumption of motor fuel. It provides that the tax shall be collected by a "distributor," and that no person shall act as a distributor without first securing a license from the Department of Finance. According to the act the term "person" includes "any natural individual * * * partnership * * * [or] corporation." The distributor, upon making sale of motor fuel, is required to collect the tax, at the rate of three cents per gallon, at the time of making the sale, and shall between the first and twentieth days of each calendar month make return under oath to the Department of Finance of all motor fuel sold by him during the preceding month. Any distributor who fails or refuses to make payment to the department as so provided shall be punished by fine not to exceed $5000, or by imprisonment in the penitentiary not less than one year nor more than five years, or by both such fine and imprisonment.

The defendants were indicted for embezzlement and not for a violation of any provision of the Motor Fuel law. Eleven different grounds were assigned in support of the motion to quash the indictment, but it is necessary for us to consider the first one, only. It states that the indictment fails to charge the defendants, or any of them, personally or individually, with doing the alleged acts, but each and every count charges "the defendants in the name of and by and through the said Greenwood Oil Company, a corporation," committed the acts which constitute the crime of embezzlement. It is an essential element of embezzlement that the property charged to be embezzled was lawfully in the accused's possession by fiduciary relation with the owner. (*People* v. *Heinzelman,* 351 Ill. 402; *People* v. *Mooney,* 303 id. 469.) Embezzlement differs from larceny in that the original taking is lawful. The *gravamen* of the

offense is the subsequent felonious conversion of the property with intent to convert it to the accused's own use. *People* v. *Parker,* 355 Ill. 258.]

The former rule requiring strict technical accuracy in an indictment has been greatly relaxed in modern times, but it has always been essential that an indictment shall allege every material fact constituting the offense charged and cannot be aided by intendment. It must be stated with such precision that the court can see that a criminal offense has been committed within its jurisdiction.

[ The facts set forth in this indictment would support a charge that the Greenwood Oil Company violated the provisions of the Motor Fuel law. Such violation is a misdemeanor, as it is punishable by a fine, imprisonment, or both. However, the corporation could not be prosecuted for embezzlement, because embezzlement of property exceeding in value $15 is a felony. A corporation cannot be indicted for a felony. At common law a corporation was not indictable for a felony or a misdemeanor, but this rule has been modified, and the general rule now is that a corporation cannot be indicted for a crime where the penalty imposed by statute is death or imprisonment, but where a fine may be imposed upon a corporation it is subject to criminal prosecution. Even where the penalty provided is fine or imprisonment, or both, in the discretion of the court, a corporation is not immune from criminal prosecution and may suffer the penalty of fine. (7 R. C. L. 768.) A comprehensive note on this subject is to be found appended to *State* v. *Seattle Nat. Bank,* 33 A. L. R. 1206.

The indictment expressly charged the defendants made the collections in the name of and by and through the Greenwood Oil Company, a duly licensed distributor. The language of the charge means that the company was an authorized agent of the State for the collection of the tax. There was, therefore, a fiduciary relationship between it and the State, and it was the legal duty of the corporation

to make report of its collections and to pay them over to the Department of Finance. The defendants were not licensed distributors. They had no right or authority, under the law, to act as such. No duty of collection or return devolved upon them as individuals, and it is only by artful pleading that a simulation of a charge of embezzlement is made against the individual defendants. The language of the indictment which admits that the collections were made by a duly licensed corporate distributor whose duty it was to report them, negatives the charge that the defendants were the collectors of the tax. It was collected by the corporation under lawful authority, and not by the defendants under color of authority. Officers and agents are liable for the crimes committed by the corporation where the business itself involves a violation of law. (*Crall* v. *Commonwealth,* 103 Va. 855.) But here that situation did not obtain. The company was engaged in a lawful business. Its collections of tax were authorized by the State. Its custody of the money was in pursuance of the statute. Whatever crime was committed grew out of its failure to report and pay over. The individual defendants cannot be prosecuted under this indictment either as principals or accessories. They were not principals, because they neither received nor possessed the tax money, and they cannot be accessories, because no one can aid or abet a corporation in the commission of a crime of which the corporation is incapable. Without a principal there are no accessories. It is evident that the indictment charged no criminal offense against the defendants.

The indictment was properly quashed. The judgment of the circuit court is affirmed. *Judgment affirmed.*