(Nos. 23335, 23336, 23337.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* JAMES DONLEVY, Defendant in Error.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error *vs.* GUY VANSCHAICK, Defendant in Error.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* OLIVER W. FITTS, Defendant in Error.

*Opinion filed October 14, 1936—Rehearing denied Dec. 2, 1936.*

OTTO KERNER, Attorney General, and A. H. GREENING, State's Attorney, (JOHN H. GATELY, and GEORGE F. MULLIGAN, JR., of counsel,) for the People.

DOYLE, SAMPSON & GIFFIN, (W. EDGAR SAMPSON, and STANLEY THOMAS, of counsel,) for defendants in error.

Mr. JUSTICE FARTHING delivered the opinion of the court.

The defendants in error, James Donlevy, Guy VanSchaick and Oliver W. Fitts, were indicted at the February, 1935, term of the circuit court of Sangamon county and charged with the crime of embezzlement. They were

officers of the Commercial Oil Company, a corporation, and the facts on which the indictment was based were, that the corporation had collected motor fuel tax money on behalf of our State but that such money had not been accounted for and paid to the State. The corporation was not indicted but the defendants were charged with the crime as accessories, and therefore principals, under our law. The circuit court of Sangamon county quashed the indictment, and the People have sued out writs of error to review its action. The cases have been consolidated for hearing in this court.

The issues presented here were determined by us in *People* v. *Strong,* 363 Ill. 602. It is only necessary to consider the ninth ground urged by the defendants in support of their motions to quash, viz., that the indictments, and each and every count thereof, failed to charge the commission of any crime by the defendants. In the case just cited we held that since a corporation cannot be indicted for a felony, and embezzlement is a felony, an indictment charging officers of the corporation with embezzlement in withholding motor fuel tax money should be quashed where it alleges that the corporation collected the tax as a distributor of motor fuel, and that as officers of the corporation the defendants failed and refused to pay over to the State the money so collected.

Since the corporation cannot be prosecuted for embezzlement, its officers, the defendants, cannot be prosecuted for embezzlement either as principals or accessories.

The action of the circuit court of Sangamon county was right, and its judgments quashing the indictments are affirmed.

*Judgments affirmed.*