People of the State of Illinois, Plaintiff in Error, v. Thomas E. McArdle, Sr., Defendant in Error.

Gen. No. 9,105.

Opinion filed April 20, 1938.

OTTO KERNER, Attorney General, for plaintiff in error; A. B. DENNIS and W. S. DOLAN, Assistants At-

torney General, and WILLIAM P. ROBERTS, State's Attorney, of counsel.

GREEN, COSTIGAN & WINES, of Chicago, for defendant in error.

MR. JUSTICE RIESS delivered the opinion of the court.

Defendant in error, Thomas E. McArdle, Sr., was charged in an indictment containing two counts returned by a grand jury of Sangamon county, with violation of the provisions of sections 5 and 6 of the motor fuel tax law [Ill. Rev. Stat. 1937, ch. 120, §§ 421 and 422; Jones Ill. Stats. Ann. 85.102, 85.103]. The first count charged failure and refusal to account for and report such tax to the department of finance of the State of Illinois in violation of said section 5, and the second count charged failure and refusal to make payment of such motor fuel tax money to said department in violation of section 6 of the act. A motion to quash the indictment was allowed, and the defendant was discharged, from which judgment writ of error was taken to the Supreme Court and the cause was transferred to this court upon the ground that the offense charged was a misdemeanor and not a felony.

It is contended by the plaintiff in error that the indictment properly charges an offense naming a corporate principal, who, under the provisions of the above statute, can be punished by fine only and against a natural person as accessory who is also subject to punishment upon conviction by fine only, to the same extent and manner that the corporate principal may be punished, and collectible only by issuance and levy of writs of execution and not by imprisonment. Defendant in error contends that under the Motor Fuel Tax Act, a natural person cannot be indicted nor convicted as an accessory to a corporate principal because of the alternative provisions of the act, which provides

for fine or imprisonment or both fine and imprisonment.

The following principles of law have been recognized by the courts of review of this State: First—A corporation cannot be indicted or convicted of a felony or offense involving imprisonment or death because of its artificial nature. (*People v. Strong*, 363 Ill. 602, 2 N. E. (2d) 942.) Second—A corporation can be indicted and convicted of an offense punishable by fine only or by the infliction of a fine where the penalty provided for is either by fine or imprisonment or by fine and imprisonment. (*People v. Strong, supra; People v. Duncan*, 363 Ill. 495, 2 N. E. (2d) 705.) Third —An accessory before the fact can be indicted and convicted as a principal, but the penalty assessed against such accessory can in no event be greater than the punishment that could be inflicted upon the principal. (*People v. Duncan, supra.*)

A discussion of the construction and application of the provisions of certain sections of the Motor Fuel Tax Act upon which the indictment herein was predicated was had by the Supreme Court of this State in several cases.

The motor fuel tax law of 1929 (Ill. State Bar Stats. 1935, ch. 95a, ¶ 79 *et seq.* [Jones Ill. Stats. Ann. 85.099 *et seq.*]) imposes a tax upon the privilege of operating motor vehicles upon the public highways based upon the consumption of motor fuel. It provides that the tax shall be collected by a "distributor," and that no person shall act as a distributor without first securing a license from the department of finance. According to the act, the term "person" includes "any natural individual . . . partnership . . . (or) corporation." The distributor, upon making sale of motor fuel, is required to collect the tax, at the rate of three cents per gallon, at the time of making the sale, and shall between the first and twentieth days of each cal-

endar month make return under oath to the department of finance of all motor fuel sold by him during the preceding month. "Any distributor who fails or refuses to make payment to the department as so provided shall be punished by fine not to exceed $5,000 or by imprisonment in the penitentiary not less than one year nor more than five years, or by both such fine and imprisonment."

Section 15 of the act as amended by an act approved July 3, 1931, provides: "Whoever . . . or refuses to make payment to the Department of Finance as provided in either Section 6 or Section 7 shall be punished by a fine of not to exceed $5,000 or by imprisonment in the penitentiary for not less than one year or more than five years or by both such fine and imprisonment."

In the case of *People v. Kopman,* 358 Ill. 479, 193 N. E. 516, it was held that although the Motor Fuel Tax Act provides a penalty for failure to pay the tax money to the State, a dealer who fraudulently converts the tax to his own use may be prosecuted for embezzlement under section 74 of the Criminal Code [Ill. Rev. Stat. 1937, ch. 38, § 207; Jones Ill. Stats. Ann. 37.167], since the statute makes the distributor an agent of the State as a collector of the tax and it comes into his hands while he is acting in a fiduciary capacity as such agent. It was therein contended by the defendant that the provisions of section 15 of the Motor Fuel Tax Act [Ill. Rev. Stat. 1937, ch. 120, § 431; Jones Ill. Stats. Ann. 85.116] provides exclusive penalties for the violation of the act, but the court held that such provision was not exclusive and that an indictment for embezzlement would lie.

In the subsequent case of *People v. Strong, supra,* wherein the opinion was written by the same justice, it was held that an indictment for embezzlement against a defendant corporation under the above sec-

tion would not lie; since the conversion of property exceeding $15 in value constituted a felony; that a corporation could not be prosecuted for a felony since it could not be imprisoned; and that since the principal could not be prosecuted for such felonious conversion, the officers and agents of the corporation could not be prosecuted as accessories, for "without a principal there are no accessories." The court, at page 605, further held that "The facts set forth in this indictment would support a charge that the Greenwood Oil Company violated the provisions of the Motor Fuel law. Such violation is a misdemeanor, as it is punishable by a fine, imprisonment, or both. . . . At common law a corporation was not indictable for a felony or a misdemeanor, but this rule has been modified, and the general rule now is that a corporation cannot be indicted for a crime where the penalty imposed by statute is death or imprisonment, but where a fine may be imposed upon a corporation it is subject to criminal prosecution. Even where the penalty provided is fine or imprisonment, or both, in the discretion of the court, a corporation is not immune from criminal prosecution and may suffer the penalty of fine." (7 R. C. L. 768; *State v. Seattle Nat. Bank,* 33 A. L. R. 1206.)

In the case of *People v. Duncan, supra,* it was also held that a corporation, on account of its very nature, cannot commit nor be indicted for an alleged crime wherein the penalty prescribed is either death or imprisonment only, but where the penalty is both fine and imprisonment the corporate offender can be punished by imposing a fine, inasmuch as the two penalties are independent. It is further there held that an accessory before the fact cannot be punished more severely than his principal.

In that case the defendant Duncan was the president and acting manager of all the business of the Blue

Rose Oil Company, a corporation. An indictment was returned in the criminal court of Cook county charging the defendant Charles E. Duncan as an accessory before the fact and so indicted under the statute as a principal with violation of the Motor Fuel Tax Act. After trial by jury, he was found and adjudged by the court to be guilty as charged. Under four of the counts, he was sentenced to five years imprisonment in the penitentiary, such sentences to run concurrently, and under each of the remaining 18 counts he was fined $2,000 and ordered to be committed to the house of correction of said county if such fines were not paid by the time he was released from prison.

It was there held that ''The penalty provisions of the Motor Fuel Tax Act cannot be applied to imprison a natural person who is an accessory before the fact, where his principal is a corporation.'' In the discussion of the principles applicable to the facts in that case, the court, at page 497, held that ''The charge is based upon the accessory statute of the Criminal Code, (Smith's Stat. 1933, chap. 38, par. 582; Cahill's Stat. 1933, chap. 38, par. 611.)'' which provides in substance that the defendant as an accessory before the fact ''shall be considered as principal, and punished accordingly''; that the penalty was imposed under the above provisions of the motor fuel tax laws; that the principal was a corporation; that while a corporation may be proceeded against criminally for the violation of a penal statute, an exception exists in cases wherein the punishment calls for imprisonment or death only, in which cases a corporation cannot commit the offense or be indicted, but that ''where the statutory penalty is both fine and imprisonment, the corporate offender can be punished by imposing a fine, inasmuch as the two penalties are independent. (*United States v. Union Supply Co.*, 215 U. S. 50; 54 L. Ed. 87; 7 R. C. L. sec. 784.)'' It was there further said that ''The theory is

that a court shall apply the appropriate penalty in such instances as far as possible, in order that the corporate defendant shall not escape all punishment.''

The court then held that Duncan had received a penalty which his principal could not receive. At common law the punishment meted out to principals and to their accessories before the fact is generally the same. (*People v. Jordan,* 244 Ill. 386, 91 N. E. 482; 16 C. J., sec. 3217, p. 1365.) ''Such type of an accessory and his principal were usually joined in the same indictment and tried together. The accessory before the fact could not be punished more severely than his principal, although it was proper for him to receive as much or less of the particular punishment meted out.''

In thus seeking to apply the penalties of the Motor Fuel Tax Act by meting out to an accessory a greater penalty than could be meted out to the principal, the trial court was held to have acted on an erroneous theory and to the extent that the accessory act would apply a greater penalty than could be applied against the principal under the provisions of the Motor Fuel Tax Act, it was held to be repugnant and inapplicable, since a natural person as an accessory could not be punished to a greater extent than the corporation, which was a principal.

A corporation can only be subjected to a fine, which fine cannot be enforced or collected by imprisonment; hence any judgment undertaking to collect a fine by commitment of the accessory would, of necessity, contravene the rule that no greater penalty could be meted out to an accessory than to a principal.

In the instant case, the indictment charges the president of the company, in his individual capacity, with being an accessory before the fact to a corporate principal, and under the above rule, the accessory, although a natural person, may be so indicted and become amenable to punishment to the extent that the corporate

principal could be punished, which is by fine only, assessable and collectible to the extent and in the manner in which it may be enforceable against the corporate principal.

The judgment of the circuit court is therefore reversed and the cause remanded with directions to the trial court to set aside the judgment quashing the indictment and discharging the defendant and for further proceedings in accordance with the holding of this court.

*Reversed and remanded with directions.*