THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LEOTA L. SEVILLA, Defendant-Appellant.

First District (2nd Division)   No. 86—2690

Opinion filed September 6, 1988.

Harvey M. Silets and William D. Seith, both of Silets & Martin, Ltd., of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Terence M. Madsen and Michael J. Singer, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

After a jury trial, defendant, Leota L. Sevilla, was convicted for failure to file a timely monthly sales tax return for the month of December 1984, and for failure to remit a tax payment of $34.91. The trial court entered judgment only on the failure to file charge because both charges are contained in the same section of the statute. (Ill. Rev. Stat. 1985, ch. 120, par. 442.) Although a first-time offender, defendant was sentenced to serve 14 months in prison. Defendant appeals her conviction and sentence.

The indictment charged that the defendant "was engaged in the business of selling tangible personal property at retail in the State of

Illinois during the month of *December, 1984* and knowingly failed to file a Retailers' Occupation Tax Return with Illinois Department of Revenue on or before the required filing date of *January 31, 1985* as required by Illinois Revised Statutes, Chapter 120, Section 442 and the amount of tax due is $300.00 or more in violation of Illinois Revised Statutes, Chapter 120, Section 452 (as amended September 17, 1982)." (Emphasis added.) Since it was determined that the tax due was $34.91, defendant was found guilty of the lesser included offense of failure to file where the amount of tax due is under $300. Where the amount due is over $300, the violation is a Class 3 felony. If the amount due is under $300, the violation is a Class 4 felony. (Ill. Rev. Stat. 1985, ch. 120, par. 452.) The only difference is the degree of the penalty. In a Class 3 conviction, the term cannot exceed five years, while in a Class 4 conviction, the term cannot exceed three years. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1.) In either case, the authorized fine for a felony is $10,000 or the amount specified in the offense, whichever is greater. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.) Therefore, in this case, as charged in the indictment, the defendant was subject to a penalty of five years and a fine of $10,000.

The issue presented in this case is whether the failure on the part of the defendant to file a monthly retailers' occupation tax return for December 1984, on or before January 31, 1985, constitutes a *per se* violation and, therefore, knowledge and intent of the defendant are irrelevant.

Although the indictment charges that the defendant "knowingly" failed to file the tax return on or before January 31, 1985, the statute does not specifically mention knowledge or intent. "[O]n or before the last day of each calendar month, every person engaged in the business of selling tangible personal property at retail in this State during the preceding calendar month shall file a return with the Department [of Revenue] ***." (Ill. Rev. Stat. 1985, ch. 120, par. 442.) "[A]ny person engaged in the business of selling tangible personal property at retail in this State who fails to file a return *** is guilty of a *** felony." Ill. Rev. Stat. 1985, ch. 120, par. 452.

Section 3 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1985, ch. 120, par. 42) imposed an obligation on the defendant to file a return for December 1984, on or before January 31, 1985, and section 13 (Ill. Rev. Stat. 1985, ch. 120, par. 452) made the omission a criminal act. These same statutory provisions were construed by our supreme court in *People v. Player* (1941), 377 Ill. 417, 36 N.E.2d 729, "[A] statute may forbid the doing of an act and make its commission criminal without regard to the intent or knowledge of the doer. In

such cases the doing of the inhibited act constitutes the crime, and the moral turpitude or purity of the motive by which it was prompted, the knowledge or ignorance of its criminal character are immaterial on a question of guilt and need not be alleged or proved. [Citations.] Such legislation has been sustained against constitutional attack on the grounds it was enacted in the exercise of the police power. The statute in question is directed against an act of omission and makes it criminal. \*\*\* Such requirements, in so far as they do not transgress upon some constitutional provision, are valid and enforceable. There is no constitutional provision which requires that *scienter* shall be a necessary element of any law which makes it a crime for a taxpayer to omit the doing of an act enjoined upon him by the State, which has been enacted in the exercise of its power to levy and collect taxes." 377 Ill. at 421-22.

In 1941, when *Player* was decided, the violations were misdemeanors. Subsequent amendments made the offense a felony. In *People v. Valley Steel Products Co.* (1978), 71 Ill. 2d 408, 423, 375 N.E.2d 1297, while considering similar provisions of the motor fuel tax law, our supreme court commented on *Player*:

> "In *People v. Player*, while there is broad language that the statute in question made the failure to file a return criminal without proof of intent or knowledge, the defendant was convicted of failure to make monthly returns prescribed by section 3 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1939, ch. 120, par. 442). Section 13 of that act (Ill. Rev. Stat. 1939, ch. 120, par. 452) made the failure to file a return a *misdemeanor* \*\*\*." (Emphasis added.)

The court noted that while *Player* involved a *misdemeanor*, the violation of the motor fuel tax filing was a *felony*. "The mere absence of express language describing a mental state does not *per se* lead to the conclusion that none is required." (*Valley Steel*, 71 Ill. 2d at 424.) "It would be unthinkable to subject a person to a long term of imprisonment for an offense he might commit unknowingly." 71 Ill. 2d at 425.

The State contends that section 13 was amended several times since the 1978 *Valley Steel* decision and, since the legislature did not include knowledge and intent in later amendments, none is required. This argument is not persuasive since the legislature was also aware that *Valley Steel* departed from the "absolute liability offense" theory under similar statutory language in the motor fuel tax act and never bothered to make any amendments to that statute requiring knowledge or intent. Nevertheless, *Valley Steel* makes the mental state of the offender an essential element of the offense.

■■ We therefore conclude that *Player* is no longer applicable and that the amendment to the Retailers' Occupation Tax Act making the failure to file a timely return a *felony*, rather than a *misdemeanor*, removes the failure to file from the category of an absolute liability offense. The defendant should have been provided with an opportunity to present evidence relating to knowledge and intent.

Accordingly, the judgment of the circuit court of Cook County is reversed and this cause is remanded for a new trial consistent with the views expressed herein.

Reversed and remanded with directions.

SCARIANO and EGAN, JJ., concur.