573 N.E.2d 818 (1991)
143 Ill.2d 281
158 Ill.Dec. 5
The PEOPLE of the State of Illinois, Appellant,
v.
Lewis E. GEAN, Appellee.
No. 70660.
Supreme Court of Illinois.
May 20, 1991.
*819 Neil F. Hartigan, Atty. Gen., Springfield (Robert J. Ruiz, Sol. Gen., and Terence M. Madsen and Douglas K. Smith, Asst. Attys. Gen., of counsel), for the People.
No appearance for appellee.
Justice CLARK delivered the opinion of the court:
On October 6, 1989, defendant, Lewis E. Gean, was charged pursuant to an amended information filed by the Jasper County State's Attorney with possession of salvage certificates without authority (six counts) (Ill.Rev.Stat.1987, ch. 95½, par. 4-104(a)(1)), and possession of certificates of title without complete assignment (three counts) (Ill. Rev.Stat.1987, ch. 95½, par. 4-104(a)(2)). Subsequently, defendant filed a motion to dismiss these counts arguing, inter alia, that the penalty provision for these sections, section 4-104(b)(1) of the Illinois Vehicle Code (Ill.Rev.Stat.1987, ch. 95½, par. 4-104(b)(1)), is unconstitutional because "it creates a felony offense with felony penalties without requiring any unlawful purpose, knowledge or intent." Defendant maintained that this section violated the due process clauses of the United States Constitution and State of Illinois Constitution. The circuit court agreed with defendant's argument and held section 4-104(b)(1) unconstitutional. A direct appeal was taken to this court by the State pursuant to Supreme Court Rule 603. (134 Ill.2d R. 603).
Section 4-104 of the Code reads, in pertinent part:
"Offenses relating to possession of titles and registration. (a) It is a violation of this Chapter for:
1. A person to possess without authority any manufacturers statement of origin, certificate of title, salvage certificate, junking certificate, display certificate of title, registration card, license plate, registration sticker or temporary registration permit, whether blank or otherwise;
2. A person to possess any manufacturers certificate of origin, salvage certificate, junking certificate, certificate of title, display certificate without complete assignment;
* * * * * *
(b) Sentence:
1. A person convicted of a violation of subsection 1 or 2 of paragraph (a) of this Section is guilty of a Class 4 felony." (Emphasis added.) (Ill.Rev.Stat. 1987, ch. 95½, par. 4-104.)
A Class 4 felony carries with it a prison sentence of at least one year, but not more than three years (Ill.Rev.Stat.1987, ch. 38, par. 1005-8-1(a)(7)), and a fine not to exceed $10,000 (Ill.Rev.Stat.1987, ch. 38, par. 1005-9-1(a)(1)).
The circuit court, in its decision holding section 4-104(b)(1) unconstitutional, stated:
"I find the Illinois Supreme Court's decision in People v. Valley Steel Products Co. (1978), 71 Ill.2d 408, [17 Ill.Dec. 13, 375 N.E.2d 1297], decisive of the issue in this case. There, the Court held that, regardless of an offense's classification as a `traffic offense' or `motor *820 vehicle offense,' the general rule requiring not only an act but a culpable mental state applied absent a clearly indicated legislative intent to create absolute liability.
The Illinois Supreme Court in Valley Steel and People v. Nunn (1979), 77 Ill.2d 243 [32 Ill.Dec. 914, 396 N.E.2d 27], voiced concern that a person could unknowingly commit an offense which would subject him to `serious criminal penalties.' In Valley Steel, such a legal possibility was termed `unthinkable.' I concur." (Emphasis added.)
The State now argues that the trial court applied the wrong analysis when it held section 4-104(b)(1) unconstitutional. Rather than focusing on whether felony penalties may be imposed for offenses which require no mental state, the State argues that the only issue to be decided is whether the statute is an arbitrary and unreasonable exercise of the State's police power. The State relies primarily on this court's decision in People v. Brown (1983), 98 Ill.2d 374, 75 Ill.Dec. 216, 457 N.E.2d 6, for its claim that sections 4-104(a)(1) and (a)(2) are not unreasonable exercises of the State's police power. See Brown, 98 Ill.2d at 379, 75 Ill.Dec. 216, 457 N.E.2d 6 (holding that section 4-102(a)(4) of the Illinois Vehicle Code, which criminalized the possession of a vehicle with a removed or falsified vehicle identification number, was not an arbitrary or unreasonable use of the State's police power).
We believe the State's focus is misplaced. Despite the State's contentions, the question of whether sections 4-104(a)(1) and (a)(2) are an unreasonable and arbitrary exercise of the State's police power is not at issue in this case. Rather, the issue is whether section 4-104(b)(1) of the Illinois Vehicle Code is unconstitutional because it authorizes felony penalties for offenses which require no mental state, or mens rea. Before we answer this question, though, we must first determine whether sections 4-104(a)(1) and (a)(2) are absolute liability offenses.
Section 4-9 of the Criminal Code of 1961 governs absolute liability offenses. This section provides:
"A person may be guilty of an offense without having, as to each element thereof, one of the mental states described in Sections 4-4 through 4-7 if the offense is a misdemeanor which is not punishable by incarceration or by a fine exceeding $500, or the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described." (Emphasis added.) (Ill.Rev.Stat.1987, ch. 38, par. 4-9.)
This section applies to all criminal penalty provisions, including those outside the Criminal Code of 1961. People v. Valley Steel Products Co. (1978), 71 Ill.2d 408, 424, 17 Ill.Dec. 13, 375 N.E.2d 1297.
The committee comments to section 4-9 reveal that the legislature intended to limit the scope of absolute liability.
"This section is intended to establish, as an expression of general legislative intent, rather strict limitations upon the interpretation that mental state is not an element of an offense, although the express language of the provision defining the offense fails to describe such an element. * * *
* * * * * *
In addition to permitting a construction requiring absolute liability in offenses punishable by incarceration or by a fine of not more than $500, the second part of section 4-9 expresses the policy that in other offenses not including a mental state in the definition only a clearly indicated legislative intent to create absolute liability should be recognized, and in all other instances, a mental state requirement should be implied as an application of the general rule that an offense consists of an act accompanied by a culpable mental state * * *." (Emphasis added.) Ill. Ann.Stat., ch. 38, par. 4-9, Committee Comments, at 226-28 (Smith-Hurd 1989).
As is evident from the committee comments quoted above, "[a]bsent either a clear indication that the legislature intended to impose absolute liability or an important *821 public policy favoring it, this court has been unwilling to interpret a statute as creating an absolute liability offense." (People v. Sevilla (1989), 132 Ill.2d 113, 120, 138 Ill.Dec. 148, 547 N.E.2d 117 (offense of failing to file a retailer's occupation tax return includes a mental state element); see Valley Steel Products, 71 Ill.2d at 423-24, 17 Ill.Dec. 13, 375 N.E.2d 1297 (certain offenses involving filing requirements under the Motor Fuel Tax Law include a mental state element); People v. Nunn (1979), 77 Ill.2d 243, 249-51, 32 Ill. Dec. 914, 396 N.E.2d 27 (offense of leaving scene of an accident includes knowledge of the accident as an element); People v. Whitlow (1982), 89 Ill.2d 322, 332-33, 60 Ill.Dec. 587, 433 N.E.2d 629 (certain offenses involving securities law include scienter element).) Further, "[t]he mere absence of express language describing a mental state does not per se lead to the conclusion that none is required." Valley Steel Products, 71 Ill.2d at 424, 17 Ill.Dec. 13, 375 N.E.2d 1297, citing Morissette v. United States (1952), 342 U.S. 246, 263, 72 S.Ct. 240, 250, 96 L.Ed. 288, 300; see also Ill.Ann.Stat., ch. 38, par. 4-9, Committee Comments, at 226-28 (Smith-Hurd 1989).
Turning to the case at bar, a mental state element is clearly absent from the language of sections 4-104(a)(1) and (a)(2). As a result, we must determine if there is a strong legislative intent supporting a conclusion that these two sections are absolute liability offenses. The State relies on section 4-104(a)(3) (Ill.Rev.Stat.1987, ch. 95½, par. 4-104(a)(3)) as proof the legislature intended the two sections in question here to be absolute liability offenses. Section 4-104(a)(3) makes it an offense for a person to possess any manufacturer's statement of origin, certificate of title, or salvage certificate, etc., "knowing it to have been stolen, converted, altered, forged, or counterfeited." We disagree. After reviewing the legislative history of section 4-104, we are unable to find any legislative intent that sections 4-104(a)(1) and (a)(2) are absolute liability offenses.
The possible punishment which can be imposed for a violation of a statute is an important factor in determining whether it is an absolute liability offense. (Sevilla, 132 Ill.2d at 122, 138 Ill.Dec. 148, 547 N.E.2d 117; Nunn, 77 Ill.2d at 249, 32 Ill.Dec. 914, 396 N.E.2d 27; Valley Steel Products, 71 Ill.2d at 425, 17 Ill.Dec. 13, 375 N.E.2d 1297.) "It would be unthinkable to subject a person to a long term of imprisonment for an offense he might commit unknowingly." (Valley Steel Products, 71 Ill.2d at 425, 17 Ill.Dec. 13, 375 N.E.2d 1297, citing Morissette, 342 U.S. at 256, 260-61, 270-71, 72 S.Ct. at 246, 248, 253-54, 96 L.Ed. at 296-97, 299, 304-05.) Therefore, "where the punishment is great, it is less likely that the legislature intended to create an absolute liability offense." (Sevilla, 132 Ill.2d at 122, 138 Ill.Dec. 148, 547 N.E.2d 117; Whitlow, 89 Ill.2d at 333, 60 Ill.Dec. 587, 433 N.E.2d 629.) In addition, "[i]t stands to reason that when the legislature increased the penalty provisions from a misdemeanor to a felony, the legislature intended to include mental state as an element of the offense." Sevilla, 132 Ill.2d at 122-23, 138 Ill.Dec. 148, 547 N.E.2d 117.
Prior to 1985, a person convicted of violating either section 4-104(a)(1) or (a)(2) was guilty of a Class A misdemeanor. However, effective January 1, 1985, the legislature increased the penalty for violating these two sections to a Class 4 felony. (Ill.Rev.Stat.1985, ch. 38, pars. 1005-8-1(a)(7), 1005-9-1(a)(1).) Certainly, a potential prison sentence of three years and a fine up to $10,000 is a substantial penalty. (See Nunn, 77 Ill.2d at 249, 32 Ill.Dec. 914, 396 N.E.2d 27 (stating that a Class A misdemeanor is a substantial penalty).) Due to the lack of a clear legislative intent and the severe penalties applicable to violators of the two sections, we find that sections 4-104(a)(1) and (a)(2) are not absolute liability offenses. Thus, section 4-104(b)(1) is not unconstitutional because it does not prescribe felony penalties for absolute liability offenses.
Given our conclusion that sections 4-104(a)(1) and (a)(2) are not absolute liability offenses, we must determine which mental state element applies to these sections. *822 According to the Illinois Criminal Code, when a statute neither prescribes a particular mental state nor creates an absolute liability offense, then either intent, knowledge or recklessness applies. (See Ill.Rev.Stat.1987, ch. 38, par. 4-3(b).) In the case at bar, we believe knowledge is the appropriate mental element.
Knowledge generally refers to an awareness of the existence of the facts which make an individual's conduct unlawful. (21 Am.Jur.2d Criminal Law § 136 (1981).) Section 4-5 of the Criminal Code defines knowledge:
"A person knows, or acts knowingly or with knowledge of:
(a) The nature or attendant circumstances of his conduct, described by the statute defining the offense, when he is consciously aware that his conduct is of such nature or that such circumstances exist. Knowledge of a material fact includes awareness of the substantial probability that such fact exists.
(b) The result of his conduct, described by the statute defining the offense, when he is consciously aware that such result is practically certain to be caused by his conduct." Ill.Rev.Stat.1987, ch. 38, par. 4-5.
The purpose of sections 4-104(a)(1) and (a)(2) is to prevent "chop shop" activities. We find it appropriate that the State prove that defendant possessed these certificates of title and salvage certificates knowing that he did not have authority or knowing it was without complete assignment.
Accordingly, we reverse the decision of the circuit court holding section 4-104(b)(1) unconstitutional.
Reversed.
CALVO, J., took no part in the consideration or decision of this case.