THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOE Q. JONES, Defendant-Appellant.

First District (1st Division)   No. 1—88—0700

Opinion filed March 30, 1992.

Randolph N. Stone, Public Defender, of Chicago (Elyse Krug Miller, Assistant Public Defender, of counsel), for appellant.

John M. O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Walter P. Hehner, and Miles J. Keleher, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant Joe Q. Jones was convicted of possession of an automobile certificate of title without complete assignment pursuant to section 4—104(a)(2) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 4—104(a)(2)) for which he received a prison sentence of two years. Although defendant has challenged both his conviction and sentence, we need only address defendant's contention that section 4—104(a)(2) violates due process guarantees and therefore is unconstitutional because it fails to require a culpable intent.

In *People v. Gean* (1991), 143 Ill. 2d 281, 573 N.E.2d 818, our supreme court determined, in part, that section 4—104(a)(2) required the mental state of knowledge, concluding that the section did not constitute an absolute liability offense. To obtain a conviction, the State needed only to prove that an offender possessed a certificate of title knowing it was without complete assignment.

More recently, in *People v. Tolliver* (1992), 147 Ill. 2d 397, the court, reaffirming the constitutionality of section 4—104(a)(2), determined its holding in *Gean* was overly expansive, creating, under the language of section 4—104(a)(2), the possibility of a felony based on innocent conduct. (*Tolliver*, 147 Ill. 2d at 401.) The court therefore modified the mental state of knowledge required under section 4—

104(a)(2) as "criminal knowledge or knowledge with an intent to defraud or commit a crime." *Tolliver*, 147 Ill. 2d at 400-01.

Based on *Tolliver*, defendant's contentions that section 4—104(a)(2) is unconstitutional for lack of culpable intent are without merit. Nevertheless, because we conclude the evidence presented at trial was insufficient to establish that defendant possessed the requisite mental state under section 4—104(a)(2), we must reverse his conviction. See *Tolliver*, 147 Ill. 2d at 399-400.

At trial, the State presented its case against defendant by way of the stipulated testimony of Abraham Coach and Dixmoor, Illinois, police officer Richard Wright.

While on routine patrol in the early morning hours of May 19, 1986, Wright stopped a late model automobile driven by Marvin Jones, defendant's son, after noticing the vehicle had mismatching front and rear license plates. Wright arrested Jones for driving with a suspended license.

At the police station, Wright determined that neither of the license plates was registered to the vehicle driven by Jones. In fact, Wright discovered that the vehicle had been reported stolen from Coach on May 6, 1986.

Shortly thereafter, defendant arrived at the police station and produced the certificate of title to the vehicle. Although the title bore what appeared to be Coach's signature, it contained no date of sale or assignment to a new owner. Defendant was then arrested for possession of the incomplete title.

Coach was summoned to the police station. There, he informed Wright that he kept the title in the glove compartment and never sold the vehicle to defendant. Further, what had appeared to be Coach's signature on the title was a forgery.

It was Jones' testimony that he believed the vehicle actually belonged to defendant and that one of Jones' brothers had brought the car to him two days before his arrest and allowed him to use it.

It was defendant's testimony that he had purchased the vehicle from a man, representing himself to be Coach, who defendant later learned was Coach's nephew. Defendant stated that he had been introduced to Coach's nephew by a mutual acquaintance who informed defendant he knew a man who wanted to sell an automobile. After verifying that the vehicle's identification number appeared on the certificate of title, defendant purchased the vehicle. Coach's name had been signed on the certificate of title at that time.

Virtually no evidence was presented at trial which could establish defendant's criminal knowledge or intent to defraud. The only evi-

dence presented by the State was that defendant was arrested after producing the incomplete title at the police station on May 19, 1986. Nothing in defendant's own testimony reveals the requisite intent. We therefore reverse defendant's conviction.

In light of that reversal, we need not address defendant's other claims.

Reversed.

BUCKLEY, P.J., and CAMPBELL, J., concur.